UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-01050-SSC                    Date: March 13, 2026

Title        Pat Suarez v. Vape Smoke Shops Inc., et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:
None Present                                        None Present

**Proceedings:**    (IN CHAMBERS) **Order to Show Cause**

On March 11, 2026, Defendant Vape Smoke Shops Inc. filed its answer to the complaint.  (ECF 10.)  The answer indicates that Defendant Vape Smoke Shops Inc., a corporation, is appearing *pro se.* (*Id.* at 1.)

Although individual litigants may represent themselves *pro se*, "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *see In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972).

Accordingly, the Court ORDERS Defendant Vape Smoke Shops Inc. to show cause in writing no later than **April 30, 2026**, why it should not be required to retain counsel.  The Court will consider as an appropriate response to this order to show cause a notice of appearance from counsel for Defendant Vape Smoke Shops Inc. filed on or before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:26-cv-01050-SSC                    Date: March 13, 2026

Title        Pat Suarez v. Vape Smoke Shops Inc., et al.

**April 30, 2026,** upon filing of which, this order to show cause will automatically be discharged.  If Defendant Vape Smoke Shops Inc. fails to respond to the order to show cause by **April 30, 2026**, the Court will entertain a motion seeking to strike Defendant's answer from the docket and requesting that default be entered against Defendant Vape Smoke Shops Inc. pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Defendants are reminded of the notifications provided in the ADA Disability Access Litigation packet, including Defendants' ability to request a stay of the matter to engage in settlement discussions and further that "in recognition that many parties do not obtain legal representation, the Court does not require that any party hire an attorney to file the Application for Stay and Early Mediation or to participate in the Court's ADR Program."  (ECF 7 at 2.)

The Clerk is directed to mail a copy of ECF 7 to Defendants along with this order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | **ts** |